

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-31-2008

# Intan v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4036

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Intan v. Atty Gen USA" (2008). *2008 Decisions*. Paper 22.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/22

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4036
_____

HARI DJATI INTAN,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                        Respondent

_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(BIA No. A96-257-267
(U.S. Immigration Judge:  Honorable Donald Vincent Ferlise)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 24, 2008
Before: SCIRICA, Chief Judge, CHAGARES and ALDISERT, Circuit Judges

(Filed: December 31, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM.

Petitioner Hari Djati Intan petitions for review of a final order by the Board of

Immigration Appeals ("BIA").  For the reasons that follow, we will deny the petition.

## I. Background

Petitioner Hari Djati Intan is a native and citizen of Indonesia. Intan entered the United States in April 2000 as a nonimmigrant visitor and unlawfully remained longer than permitted. In February 2003, Intan applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), claiming he experienced past persecution and feared future persecution in Indonesia because he is an ethnic Chinese Christian. Intan, represented by counsel, appeared before an Immigration Judge ("IJ") and conceded removability.

On August 5, 2005, after several hearings, the IJ issued an oral decision. The IJ held that Intan was not eligible for asylum because he applied more than one year after his arrival in the United States. The IJ also held that Intan failed to meet his burden of burden of proof to establish eligibility for withholding of removal or protection under the CAT. He therefore denied Intan's applications. Intan appealed to the BIA, which issued an opinion affirming the IJ's decision and dismissing the appeal on September 19, 2007. This timely petition for review followed.

## II. Analysis

Intan's sole argument on appeal is that he is entitled to withholding of removal.[1]

_____

[1] In his brief, Intan does not dispute the BIA's other holdings, including the denial of asylum for failure to apply within one year of his arrival in the United States, see INA § 208(a)(2) [8 U.S.C. § 1158(a)(2)], and the denial of relief under the CAT for failure to show he would more likely than not be tortured if removed. See Obale v. Att'y Gen., 453 F.3d 151, 161 (3d Cir. 2006). We therefore need not address these issues because they

To qualify for withholding of removal pursuant to INA § 241(b)(3)(A) [8 U.S.C. § 1231(b)(3)(A)], Intan bore the burden of demonstrating a "clear probability" of future persecution – that "it is more likely than not" that he would be persecuted. See INS v. Cardoza-Fonseca, 480 U.S. 421, 449-50 (1987). Intan claims his documentary evidence established a "pattern or practice of persecution of a group of persons similarly situated to the applicant. . . .", 8 C.F.R. § 208.16(b)(2), in Intan's case, ethnic Chinese Christians in Indonesia. We review the BIA's determination under the deferential substantial evidence standard.[2] Chen v. Ashcroft, 376 F.3d 215, 223 (3d Cir. 2004). Thus, "[t]o reverse the BIA finding we must find that the evidence not only supports that conclusion [that Intan would more likely than not suffer persecution], but compels it." INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992).

We have not conclusively addressed whether a pattern or practice of persecution of ethnic Chinese Christians in Indonesia exists at the present time. See Sukwanputra v. Gonazles, 434 F.3d 627, 637 n.10 (3d Cir. 2006). However, we have held that information in the 1999, 2003, and 2004 State Department Reports does not establish persecution sufficiently "systemic, pervasive, or organized" to constitute a pattern or practice. See Sioe Tjen Wong v. Att'y Gen., 539 F.3d 225, 233-34 (3d Cir. 2008); Lie v.

---

are waived. See Voci v. Gonzales, 409 F.3d 607, 610 n.1 (3d Cir. 2005).

[2]Because the BIA provided its own analysis and did not expressly defer to or adopt the IJ's decision, we review the BIA's decision. See Voci, 409 F.3d at 612-13; Miah v. Ashcroft, 346 F.3d 434, 439 (3d Cir. 2003).

3

Ashcroft, 396 F.3d 530, 537 (3d Cir. 2005). For example, the 1999 report shows that the "Indonesian government officially promotes religious and ethnic tolerance" and the interreligious violence that did arise "seem[ed] to have been primarily wrought by fellow citizens and not the result of governmental action or acquiescence." Lie, 396 F.3d at 537. Similarly, the 2003 and 2004 reports "generally emphasize the steps taken by the Indonesian government to promote religious, racial, and ethnic tolerance and to reduce interreligious violence . . . [and] indicate that private parties, not government officials, are the predominant cause of harassment and violence." Sioe Tjen Wong, 539 F.3d at 233-34.[3]

Like the applicants in Lie and Sioe Tjen Wong, Intan relies on State Department Reports. While Intan relies on more recent reports – including State Department International Religious Freedom Reports for 2005 and 2006 – these reports are similar to those discussed in Lie and Sioe Tjen Wong in that they contain evidence undermining the pattern or practice claim.[4] Indeed, in Sioe Tjen Wong, we noted that recent State Department Reports actually show improved treatment of ethnic Chinese Christians in

---

[3]Similarly, the BIA held in In re A- M-, 23 I&N Dec. 737, 741-42 (BIA 2005), that a 2002 State Department Country Report concluding that "Government acquiescence [in Chinese Christian persecution] is not the norm" and that "the Indonesian Government 'officially promotes racial and ethnic tolerance'" did not establish the petitioner's pattern or practice claim.

[4]For example, the 2006 State Department Report on International Religious Freedom notes that "the Government generally respected freedom of religion," that "[t]here was little change in respect for religious freedom during the period covered by the report," and that "[m]ost of the population enjoyed a high degree of religious freedom." A.R. 317.

Indonesia.  Sioe Tjen Wong,  539 F.3d at 234.  Thus, the BIA could reasonably conclude that these more recent reports also do not establish a pattern or practice of persecution of ethnic Chinese Christians in Indonesia.  Because the evidentiary record does not compel a contrary conclusion, see Elias-Zacarias, 502 U.S. at 481 n.1, the BIA's decision rests upon substantial evidence.[5]

### III.  Conclusion

The documentary evidence provided by Intan is insufficient to compel a reasonable adjudicator to conclude Intan would more likely than not be persecuted.  The BIA's ruling rests on substantial evidence, and we will therefore deny the petition for review.

---

[5]Intan relies heavily on the Second Circuit's decision in Mufied v. Mukasey, 508 F.3d 88 (2d Cir. 2007), in support of his claim of a pattern or practice of persecution of ethnic Chinese Christians in Indonesia.  However, the petitioner in Mufied was not ethnic Chinese, but rather a Christian of "Manadois" ethnicity.  Perhaps even more importantly, the Second Circuit did not find as a matter of law that ethnic Manadois Christians suffered a pattern or practice of persecution, but rather held that because the BIA did not consider the issue in the first instance, the case was proper for remand.  In contrast, here, the BIA did consider Intan's pattern or practice evidence and found it insufficient. See BIA Opinion at 2 (noting, for example, that the 2005 State Department Report "does not support the respondent's contention that a pattern or practice of persecution against Chinese Christians exists in Indonesia").

5